UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRANE FORTUNE, INC. ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-3323 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendant United States of America's Motion for Summary Judgment. Dkt. 10.[1] Having considered the parties' submissions and the law, the court recommends that Defendant's motion be granted and this case be dismissed with prejudice.

## BACKGROUND

Plaintiffs seek judicial review of the administrative decision of the Food Nutrition Service (FNS) of the Department of Agriculture permanently disqualifying their convenience store, 24 Seven #3, from participating in the Supplemental Nutrition Assistance Program (SNAP).[2] The following facts are established by the administrative record and are undisputed.

24 Seven #3 became an authorized SNAP participant in March 2016. The Retailer Operations Division of the Department of Agriculture informed Plaintiffs in an April 11, 2017 letter that they were being charged with trafficking as defined under Section 271.2 of the SNAP regulations. The charge was based on a series of irregular SNAP transactions during the period

---

[1] The District Court has referred this matter to this Magistrate Judge for report and recommendation. Dkt. 12.
[2] Because an administrative action under review remains in full force and effect unless stayed by the reviewing court, 7 U.S.C. § 2023(a)(17), Plaintiffs also seek a temporary stay of the disqualification pending ruling by the court. Because the court recommends granting the United States' Motion for Summary Judgment, it denies the Motion to Stay.

October 2016 through February 2017. As noted in the charge letter, the penalty for trafficking is permanent disqualification under 7 C.F.R. § 278.6(e)(1).

Plaintiffs responded to the charge letter on April 19, 2017. Plaintiffs "vehemently" denied the allegations of trafficking, and provided with their response pictures of the store, monthly purchases, sales tax monthly filings, proof of receipts, an "affidavit of support" authenticating documents, "Training Walkthrough" forms signed by some employees, 20 days of video recordings from the store, and a "letter of authorization" authorizing the agency to talk to the store's landlord. *See* Dkt. 11-4 at 6. The Retailer Operations Division reviewed Plaintiffs' submission and issued a determination letter dated July 6, 2017. The July 6, 2017 letter informed Plaintiffs of the agency's determination that trafficking violations occurred at 24 Seven #3 as charged, that the store was permanently disqualified from the SNAP program effective upon Plaintiffs' receipt of the determination letter, and that the store was not eligible for a Civil Monetary Penalty (CMP) in lieu of permanent disqualification. Dkt. 11-8 at 67-68.

Plaintiffs timely requested administrative review of the determination. An Administrative Review Officer of the Department of Agriculture Food and Nutrition Service (FNS) issued a Final Agency Decision on October 2, 2017 sustaining the Retail Operations Division's determination to impose a permanent disqualification against 24 Seven #3. Dkt. 11-9 at 73-82. Plaintiffs then filed this case for judicial review pursuant to 7 U.S.C. § 2023. The United States seeks summary judgment on grounds that there are no genuine disputes of material fact and the administrative decision permanently disqualifying 24 Seven #3 should be affirmed.

## ANALYSIS

### A. Legal Standards

#### 1. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

#### 2. Review of SNAP eligibility determination

Pursuant to 7 U.S.C. § 2023(a)(15), the district court conducts a de novo review of the validity of the questioned administrative action. The Fifth Circuit has clarified that while the statute requires de novo review, the plaintiff maintains the burden to show by a preponderance of the evidence that the violation alleged by FNS did not occur. *Redmond v. United States,* 507 F.2d 1007, 1011-12 (5th Cir. 1975) (By establishing de novo review "Congress intended nothing more than that the district court would not be bound by the administrative record. . . . [U]nless proven to be invalid, the agency action prevails."); *Kingway Supermarket v. United States,* 545 F. Supp. 2d 613, 616 (S.D. Tex. 2008); *Khan v. United States,* Civil Action No. H-05-0947, 2006 WL 3147331, at *1 (S.D. Tex. Oct. 31, 2006).

However, courts distinguish between the standard of review that applies to the agency's determination that a violation occurred, and the standard of review that applies to the agency's penalty decision. *Irobe v. U.S. Dep't of Agriculture*, 890 F.3d 371, 377 (1st Cir. 2018); *McGlory v. United States*, 763 F.2d 309, 311 (7th Cir. 1985). While the district court determines the validity of the violation determination de novo, the district court will set aside the agency's final penalty determination only if it is arbitrary and capricious, or contrary to law. *Irobe*, 890 F.3d at 377; *see also Abdelkhalik v. U.S.*, Civil Action 94-C-5809, 1996 WL 41234, *2 (N.D. Ill. Jan. 30, 1996) (arbitrary and capricious means "unwarranted in law" or "without justification in fact."; *Khan*, 2006 WL 3147331 at *1 (citing *Abdelkhalik*); *Kingway*, 545 F. Supp. 2d at 618 (finding permanent disqualification was not arbitrary or capricious penalty); *Makey Deli Grocery, Inc. v. U.S.*, 873 F. Supp. 2d 516, 520 (S.D.N.Y. 2012) (where a firm does not dispute that a violation took place, the court's review is limited to whether the penalty imposed was arbitrary or capricious).

**B. Plaintiffs have not met their burden to show the FNS's penalty decision was arbitrary and capricious or contrary to law.**

Plaintiffs do not contest the agency's determination that a trafficking violation occurred at 24 Seven #3. Plaintiffs argue only that permanent disqualification is an arbitrary and capricious sanction. *See* Dkt. 15 at 5-8; Dkt. 1. Plaintiffs contend that the agency wrongfully denied it a CMP in lieu of permanent disqualification because (1) disqualification will effect a hardship on its customers who have limited access to grocery stores, the (2) store had no prior history of violations, and trained its workers to comply with SNAP regulations. Because the agency acted in accordance with applicable regulations and based its decision on facts in the administrative record, Plaintiffs cannot show that the agency's decision to permanently disqualify it from participation in the SNAP program was arbitrary and capricious or contrary to law.

Pursuant to 7 C.F.R. § 278.6(e)(1)(i), the FNS **shall disqualify a firm permanently** if it is guilty of trafficking as defined in 7 C.F.R. § 271.2, as Plaintiff was in this case. *See also* 7 C.F.R. § 278.6(a) ("disqualification **shall be permanent** for a disqualification based on paragraph (e)(1) of this section." (emphasis added)). Indeed, permanent disqualification is the statutory penalty for trafficking even for first time offenses, and where the store owner is innocent. 7 U.S.C. § 2021(b)(3)(B) (a disqualification "shall be . . . permanent upon . . . the first occasion . . . of a disqualification based on . . . trafficking"); *Abdelkhalik v. United States*, Civil Action No. 94-C-5809, 1996 WL 41234, at *4 (N.D. Ill. Jan. 30, 1996).

Plaintiffs primarily argue that the store was eligible for a CMP in lieu of disqualification based on the hardship imposed on its customers by disqualification. Dkt. 15 at 5. In certain cases, the "FNS *may* impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to disqualification is selling a  substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. 278.6(f)(1)(emphasis added). However, the hardship exclusion from disqualification is not available or relevant in trafficking cases. The last sentence of 7 C.F.R. § 278.6(f)(1), which Plaintiffs failed to cite, states: "A civil money penalty for hardship to SNAP households *may not be imposed in lieu of a permanent disqualification*." *Id.* (emphasis added); *see* Dkt. 11-8 at 64 ("since this is a trafficking case an HCMP [hardship civil money penalty] is not applicable"); s*ee Kim v. U.S.*, 121 F.3d 1269, 1275-76 (9th Cir. 1997) ("the only permissible interpretation" of 7 U.S.C. § 2021 is that it prohibits a CMP in lieu of permanent disqualification for trafficking violations even when disqualification imposes a hardship on food stamp households).

Thus, the only path available to Plaintiff to obtain a CMP in lieu of permanent disqualification is set forth in 7 C.F.R. § 278.6(a) (emphasis added):

> FNS *may* impose a civil money penalty of up to an amount specified in § 3.91(b)(3)(ii) of this title for each violation in lieu of a permanent disqualification for trafficking, as defined in § 271.2 of this chapter, *in accordance with the provisions of paragraphs (i) and (j) of this section.*

In order to meet the eligibility requirements for a discretionary CMP as permitted by § 278.6(a), a firm must request CMP consideration within 10 days of receipt of the charge letter, 7 C.F.R. § 278.6(b)(2)(ii), and meet all four criteria specified in 7 C.F.R. § 278.6(i). Plaintiff here did neither.

Although Plaintiffs responded to the charge letter within 10 days and provided some documents "[i]n an effort to show the legitimacy of our business and the transactions herein," the response did not request a CMP in lieu of permanent disqualification. *See* Dkt. 11-4 at 6 (April 19, 2017 response); Dkt. 11-8 at 66 ("The owner did not request a TCMP."). Nonetheless, the agency reviewed each of the 278.6(i) criteria before imposing a penalty. *See* Dkt. 11-8 at 64-68.

The four criteria set forth in 7 C.F.R. § 278.6(i) are: (1) that the store has developed an effective compliance policy as specified in § 278.6(i)(1)[3]; (ii) that the compliance policy and

---

[3] 7 C.F.R. § 278.6(i)(1):
(1) Compliance policy standards. As specified in Criterion 1 above, in determining whether a firm has established an effective policy to prevent violations, FNS shall consider written and dated statements of firm policy which reflect a commitment to ensure that the firm is operated in a manner consistent with this part 278 of current FSP regulations and current FSP policy on the proper acceptance and handling of food coupons. As required by Criterion 2, such policy statements shall be considered only if documentation is supplied which establishes that the policy statements were provided to the violating employee(s) prior to the commission of the violation. In addition, in evaluating the effectiveness of the firm's policy and program to ensure FSP compliance and to prevent FSP violations, FNS may consider the following:
   (i) Documentation reflecting the development and/or operation of a policy to terminate the employment of any firm employee found violating FSP regulations;
   (ii) Documentation of the development and/or continued operation of firm policy and procedures resulting in appropriate corrective action following complaints of FSP violations or irregularities committed by firm personnel;
   (iii) Documentation of the development and/or continued operation of procedures for internal review of firm employees' compliance with FSP regulations;

program were in operation at the store prior to the occurrence of the violations cited in the charge letter; (iii) the store had developed and instituted an effective personnel training program as specified in § 278.6(i)(2)[4]; and (iv) store ownership was not aware of, did not approve, did not benefit from, and was in no way involved in the trafficking violations, or, it was the first occasion on which a member of management was aware of, approved, benefited from, or was involved in such conduct.

Here, the Retail Operations Division found that Plaintiffs did not request a trafficking CMP, but even if they had, they did not meet any of the required criteria. Dkt. 11-8 at 58-68. These findings were affirmed on administrative review. Dkt. 11-9 at 73-81. First, the agency found the store failed to present evidence of an effective compliance policy meeting the requirements

---

      (iv) The nature and scope of the violations charged against the firm;
      (v) Any record of previous firm violations under the same ownership; and
      (vi) Any other information the firm may present to FNS for consideration.

[4] 7 C.F.R. § 278.6(i)(2):
  (2) Compliance training program standards. As prescribed in Criterion 3 above, the firm shall have developed and implemented an effective training program for all managers and employees on the acceptance and handling of food coupons in accordance with this part 278. A firm which seeks a civil money penalty in lieu of a permanent disqualification shall document its training activity by submitting to FNS its dated training curricula and records of dates training sessions were conducted; a record of dates of employment of firm personnel; and contemporaneous documentation of the participation of the violating employee(s) in initial and any follow-up training held prior to the violation(s). FNS shall consider a training program effective if it meets or is otherwise equivalent to the following standards:
      (i) Training for all managers and employees whose work brings them into contact with SNAP benefits or who are assigned to a location where SNAP benefits are accepted, handled or processed shall be conducted within one month of the institution of the compliance policy under Criterion 1 above. Employees hired subsequent to the institution of the compliance policy shall be trained within one month of employment. All employees shall be trained periodically thereafter;
      (ii) Training shall be designed to establish a level of competence that assures compliance with Program requirements as included in this part 278;
      (iii) Written materials, which may include FNS publications and program regulations that are available to all authorized firms, are used in the training program. Training materials shall clearly state that the following acts are prohibited and are in violation of the Food and Nutrition Act of 2008 and regulations: the exchange of food coupons, ATP cards or other program access devices for cash; and, in exchange for coupons, the sale of firearms, ammunition, explosives or controlled substances, as the term is defined in section 802 of title 21, United States Code.

specified in § 278.6(i)(1). Second, Plaintiffs provided no documents to show that such a compliance policy and a training program were in operation before the alleged violations occurred, as required by criterion 2. Next, the agency recognized that Plaintiffs submitted information regarding a training program, but failed to produce evidence of refresher dates, or "show that the people's [sic] whose signatures were on the [training] papers were actually employees of the store." Dkt. 11-8 at 65. Thus, Plaintiffs failed to show the agency that the training requirements of criteria 3, as set forth in § 278.6(i)(2), were met. Finally, Plaintiffs presented no documentation demonstrating the owners were not aware of, did not approve, did not benefit from, and were in no way involved in the trafficking violations, or that it was the first occasion on which a member of management was aware of, approved, benefited from, or was involved in such conduct, as required by criterion 4. Dkt. 11-8 at 66. Even if this court were to credit the conclusory statements in Plaintiffs' brief that 24 Seven #3 had never previously been accused of wrongdoing and therefore met criterion 4, Dkt. 15 at 5, 7, Plaintiffs have not met their burden to show that the agency decision should not stand because overall "the owner's affidavit and employee training walkthrough documentation, does not rise to the level, required by regulation, to be considered for a CMP in lieu of permanent disqualification." Dkt. 11-9 at 81. The court concludes that the agency's findings are not "unwarranted in law" or "without justification in fact," and thus the agency's penalty decision should stand.[5] *See Abdelkhalik*, 1996 WL 41234, at *2.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the court recommends that the United States of America's Motion for Summary Judgment (Dkt. 10) be **GRANTED** and Plaintiffs' claims be dismissed with prejudice.

---

[5] To the contrary, the agency's findings are supported by the administrative record. The parties did not submit additional evidence in this court, thus, the agency's decision would pass even de novo review.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on December 12, 2018, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge